|   |   |
|---|---|
| Brent H. Blakely (SBN 157292) bblakely@blakelylawgroup.com Cindy Chan (SBN 247495) cchan@blakelylawgroup.com BLAKELY LAW GROUP 915 North Citrus Avenue Hollywood, California 90038 Telephone: (323) 464-7400 Facsimile: (323) 464-7410 | JS-6<br><br>FILED:  2/14/2013<br><br>NOTE: CHANGES MADE BY THE COURT |

*Attorneys for Plaintiff*
*Chrome Hearts, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>SHARP FACTOR INTERNATIONAL, INC., a California Corporation; CHENGLONG XU, an individual; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. CV 12-6567 GHK (FFMx)<br><br>[~~PROPOSED~~] **CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE**<br><br>**Hon. George H. King** |

WHEREAS Plaintiffs Chrome Hearts, LLC and Defendants Sharp Factor International, Inc. and Chenglong Xu have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter.  Defendants, having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

　　　1.　　This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

　　　2.　　Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").  Amongst the Chrome Hearts Marks, the CH Plus Mark and the CH Cross Mark (depicted below) are

the most well recognized and serve as instant source identifiers for Chrome Hearts' products.

 

**CH Plus Mark**                                    **CH Cross Mark**

Chrome Hearts owns several trademark registrations for both the CH Plus Mark and CH Cross Mark for various goods and services, including *but not limited to* U.S. Reg. Nos. 3,731,400 (for CH Plus Mark on eyewear) and 3,731,397 (for CH Cross Mark on eyewear).

3. In addition to owning numerous trademark registrations to the Chrome Hearts Marks, Plaintiff also owns several copyright registrations thereto, including the following: CH Cross Mark (U.S. Copyright Reg. No. VA 705-193) and the CH Plus Mark ("Cross # 4" of Reg. No. VA 705-233) (hereinafter collectively "Copyrighted Works")

4. Plaintiff has alleged that Defendants, with one product or more, have violated Plaintiff's rights in and to one or more of its trademarks and/or copyrighted works (collectively "Disputed Products"), and that said alleged infringing activities constitute trademark infringement, trademark dilution, copyright infringement and unfair competition under federal and state law.

5. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Consent Judgment are hereby permanently restrained and enjoined from infringing upon Plaintiff's trademarks either directly or contributorily in any manner, including:

(a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing Disputed Products and/or any other products bearing a mark or

feature identical and/or confusingly similar to Plaintiff's Chrome Hearts' trademarks and/or copyrighted works;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the Disputed Products except as otherwise permitted by the parties Settlement Agreement;

(c) Using the Chrome Hearts Marks and/or Copyrighted Works or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise;

(d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine merchandise or associated with Plaintiff in any way;

(e) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

6. Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

7. Without any admission of liability, the parties have entered into a Settlement Agreement in which Defendants are required to make payments over a period of time. Once Defendants have made all settlement payments, Plaintiff will file another Stipulation to Consent Judgment which dissolves this action with prejudice. However, until then, this action shall be resolved *without prejudice*. Plaintiff is permitted to re-open this matter if Defendants fail to comply with the terms of the parties' agreement.

8. The execution of this Consent Decree shall serve to bind and obligate the parties hereto. The jurisdiction of this Court is retained for the purpose of making any

1 further orders necessary or proper for the construction or modification of this Final
2 Judgment, the enforcement thereof and the punishment of any violations thereof.
3
4 **IT IS SO ORDERED.**
5
6
7 DATED: ___2/13___, 2013
8                                             Hon. George H. King
                                            **United States District Judge**